IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STANLEY BROCKMAN                                                          PLAINTIFF

v.                              Civil No. 4:17-cv-04095

SERGEANT GRIFFIN, Miller County
Detention Center; and JANE DOE, Nurse,
Miller County Detention Center                                 DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Stanley Brockman's failure to obey an order of the Court. On October 31, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). However, Plaintiff's Complaint was not submitted on the court-approved form for the Western District. Plaintiff also submitted an improper *in forma pauperis* ("IFP") application with the Complaint which did not have the certification regarding inmate funds held in his name completed. (ECF No. 2).

That same day the Court entered an order directing Plaintiff to file an amended complaint on the court-approved form and submit a completed IFP application for review or pay the filing fee by November 20, 2017. (ECF No. 3). Plaintiff was advised in the order that failure to respond within the required period of time would result in the dismissal of his case. The Court's Order was returned as undeliverable. (ECF No. 5). To date, Plaintiff has not responded to the Court's order to submit an amended complaint and a completed IFP application or pay the filing fee. Plaintiff has also failed to notify the Court of his current address. Plaintiff's last communication with the Court was on October 31, 2017, when he filed his Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court and has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 18th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge